IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-138-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| JON CHARELL ALFORD, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for continuation of the hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. An initial session of the hearing was held on 9 September 2014, at which the government presented its evidence. The hearing was subsequently continued to today on defendant's motion. (*See* D.E. 16). At today's session of the hearing, defendant presented no evidence. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a one-count indictment on 9 July 2014 with possession of a firearm by a convicted felon on 17 February 2014 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from the stop of a

vehicle in which defendant was travelling on the alleged offense date. Police found under defendant's front waistband a .380 caliber pistol with 3 rounds in the magazine. Defendant had been reaching for this portion of his waistband before complying with police instructions not to do so. Defendant had previously been convicted of multiple offenses punishable by a term of imprisonment exceeding 12 months.

**Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the charges against defendant; the circumstances of the offense charged, including the loaded status of the gun, defendant's conduct during his apprehension, and his commission of the alleged offense within 60 days after termination of his parole for a felony conviction for possession of a stolen motor vehicle; the danger of further unlawful gun possession by defendant if released; defendant's criminal record, including nine felony convictions, five misdemeanor convictions, one formal probation revocation, commission of seven felonies and one misdemeanor while on probation or parole, and two failures to appear while on pretrial release for the state charges based on the same conduct underlying the instant charges; the absence of presentation in court of the proposed third-party custodian, defendant's wife; the unsuitability of the proposed third-party custodianship based on the information proffered by defendant, including the regular absence of the proposed custodian from the home for full-time work and the extent of the risk of danger and flight presented by defendant; and the other findings and reasons stated in open court.

2
Case 5:14-cr-00138-BO   Document 18   Filed 09/12/14   Page 2 of 3

The court considered evidence offered as mitigating, such as the purported availability of employment to defendant. It finds, however, that the factors favoring detention outweigh such evidence.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 11th day of September 2014.

James E. Gates
United States Magistrate Judge